WIGGINTON, Judge.
Appellant seeks reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of armed robbery. His sole point on appeal challenges the correctness of the trial court’s order denying his motion to suppress certain evidence seized from him at the time of his arrest. It is contended that the seizure of the property in question was unreasonable and violated his constitutional rights. He makes no issue of the finding by the jury that he is guilty of the crime with which he was charged.
Appellant and a confederate were recognized and identified as two persons who robbed a woman at her office in an apartment complex located in Gainesville. A warrant for appellant’s arrest issued and was placed in the hands of the sheriff of Marion County for execution upon a tip that appellant was registered at a motel near Ocala. The sheriff’s deputies knocked on the door of the motel room in which appellant was registered, and the door was opened by appellant who admitted that he was the person named in the arrest warrant. Appellant was immediately placed under arrest and, since he was only partially clothed, was instructed to complete dressing before being taken to jail. A nude woman found in a bed in the room was instructed to retire to the bathroom and dress herself so that she, too, could be taken to jail. There was an unavoidable time lapse between the moment of appellant’s arrest and their departure from the motel occasioned by the necessity for appellant and his friend to dress themselves before being taken to jail.
The arresting officers testified that they were aware of the fact that appellant was being charged with the offense of armed robbery, so thought that he would likely be armed with a deadly weapon concealed somewhere in the motel room. While waiting for the defendant and his companion to get dressed, the officers deemed it prudent to make a cursory search of the room for the purpose of discovering whether there was any deadly weapon available to appellant if he chose to use it. The officers thereupon proceeded to search the room, during the course of which defendant was standing at the foot of the bed or sitting in a chair in close proximity thereto. A pillow on the bed was lifted and beneath it was found a bag containing a substantial quantity of money. A loaded pistol was found under the mattress of the same bed and within five feet of the place where appellant had positioned himself during the search. A brown manila envelope was observed lying on a desk in the room, which was opened and in which was found two bank bags and a wallet containing the driver’s license of the robbery victim. Next to the door through which the officers entered the room a paper bag was found, inside of which was a roll of coins wrapped in a towel.
From the foregoing it clearly appears that at the time appellant was arrested pursuant to a valid warrant, the police officers had reason to believe that he was probably armed with a deadly weapon. In *373 view of the necessity for delaying the transportation of appellant and his companion to jail until such time as they could dress themselves, the police officers were justified in making a protective search of the motel room for the purpose of discovering any weapon which might be secreted therein which could be suddenly seized by appellant and used to resist arrest, inflict death or injury on the officers, or effect his escape. The evidence conclusively establishes that the officers’ apprehensions were well founded in that the loaded pistol was found beneath the mattress of the bed in close proximity to which appellant was standing during the search. Their action in looking beneath the pillow and into the brown manila envelope and paper bag which were lying in plain view on the desk and floor was fully justified in view of the exigencies of the situation with which they were faced. All of this evidence was within appellant’s reach and immediate control from which he might have gained possession of the weapon had he attempted to do so. It is our view that the search made in the case sub judice, and the seizure of the evidence which appellant sought to have suppressed, comes clearly within the rule enunciated by the Supreme Court of the United States in the case of Chimel v. California.[1] In that case the court said:
“A similar analysis underlies the ‘search incident to arrest’ principle, and marks its proper extent. When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer’s safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the ar-restee’s person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the ar-restee’s person and the area ‘within his immediate control’ — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.”
We therefore hold that the trial court did not err in denying appellant’s motion to suppress the evidence introduced against him at the trial, and the judgment appealed is accordingly affirmed.
SPECTOR, C. J., and JOHNSON, J„ concur.

. Chimel v. California, 395 U.S. 752, 762, 763, 89 S.Ct. 2034, 23 L.Ed.2d 635.