SCHEB, Judge.
The appellant, Andy Collins, pled nolo contendere to charges of possession of heroin and marijuana, reserving the right to appeal the trial court’s denial of his motion to suppress.
Appellant contends the heroin and marijuana he was charged with possessing were fruits of an illegal search and seizure; hence we examine the evidence presented on the hearing on appellant’s motion.
Detectives Terrell and Morse, Officers of the Clearwater- Police Department, received information from a person whom they considered a reliable informant that the appellant had narcotics and a pistol and that he was changing rooms frequently. The officers promptly went to the appellant’s motel, obtained information as to the appellant and went to his room where the appellant was lying awake in bed. One of the officers knocked on the door and said he was from the management of the motel *34 and wanted to talk to the appellant. The appellant then opened the door somewhat, saw at least one officer, and while the factual situation is somewhat unclear at this point, two officers with their guns drawn joined by a third officer then entered and one of the officers informed the appellant he was under arrest. One of the officers found a small bag on a shelf underneath a bedside table and believing the baggie similar to one of heroin seized on a prior investigation, he seized the bag which contained two tinfoil packets of heroin. The officers then asked the appellant where his pistol was located, whereupon he pointed to a drawer in a chest near his bed. The officers opened the drawer and found the pistol and a bag of marijuana. They seized both. Appellant testified that he knew the officers would have come in whether he let them or not and that he had nothing to hide so he let them in. The lower court held the search was consented to by appellant and on this basis held the evidence seized to be admissible and denied the motion to suppress.
It appears the trial court’s finding that appellant consented to the search and seizure was based largely upon the appellant’s own testimony. This court in Talavera v. State, Fla.App.2d 1966, 186 So.2d 811 quoted approvingly from Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649, where a like statement of “I have nothing to hide” was held not to evince consent. Considering the presence of several police officers, one of whom identified himself as part of the management of the motel and another who appellant claims stuck his foot in the partially opened door, along with testimony of appellant that he requested a search warrant but felt, had he not allowed them through the door, the officers “would have beat it down anyway,” the totality of the circumstances does not evidence consent to a warrantless search. Here, any consent was more a submission to lawful authority and hence not a free and voluntary consent waiving the appellant’s constitutional rights against search and seizure. Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Dunnavant v. State, Fla.1950, 46 So.2d 871; and Boynton v. State, Fla.1953, 64 So.2d 536.
The thrust of arguments before the lower court was directed to the question of whether the search was consented to by appellant. There is, however, another aspect of the case of vital significance: whether the officers made a valid arrest based upon probable cause and if so, whether the search and seizure were reasonably incident to such arrest. Since the lower court did not rule on the question of the validity of the arrest and the search incident thereto, we cannot finally dispose of this case at this stage.
If the police had probable cause to arrest,[1] there was no requirement for the officers to obtain a warrant. In such a case the appellant’s consent would be immaterial. State v. Perez, Fla.1973, 277 So.2d 778. If the lower court finds probable cause, then a warrantless arrest would be justified and on the hearing on the motion to suppress the court would be required to determine if the contraband was properly seized as being within the scope of a permissible search incident to a lawful arrest. See Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. The question as to the “area under the ar-restee’s immediate control” is further analyzed by Judge Wigginton in Johnson v. State, Fla.App.1st 1971, 252 So.2d 371.
Accordingly the case is reversed as to the lower court’s finding that the appellant consented to the search and seizure, and *35 remanded for a determination by the lower court as to whether the appellant’s arrest was a valid warrantless arrest based upon probable cause and, if so, whether the heroin and marijuana seized were properly within the scope of search and seizure incident to such arrest.
Reversed and remanded.
McNULTY, C. J., and GRIMES, J., concur.

. The principles in Aguilar v. Texas, 1964, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 1969, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; United States v. Harris, 1971, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723; and Whiteley v. Warden, 1971, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306, are instructive on the question of probable cause in situations where there is a confidential informant.